[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION RE' MOTION TO STRIKE
On August 16, 1995, plaintiff Andre Ness filed a complaint in this law suit against the City of New Haven seeking money to compensate him for injuries which he allegedly sustained when a circular grate covering a drain on the New Haven green gave way beneath his weight. The plaintiff claims that his injuries were caused by the negligence of the defendant in not properly inspecting and maintaining the subject grate, and by the nuisance which the unkept grate created. On May 3, 1996, defendant City of New Haven filed its Answer and Special Defenses. One of its Special Defenses was governmental immunity. On June 14, 1996, the plaintiff filed a Motion to Strike the special defense of governmental immunity, claiming that the maintenance and upkeep of storm drains and gates are ministerial duties. On February 18, 1997, the court granted the plaintiff's Motion to Strike, thus, removing the special defense of governmental immunity from this case.
On or about August 26, 1997, the plaintiff filed a Second CT Page 183 Amended Complaint which, although reworded, contained the same basic allegations of negligence and nuisance as were set out in the initial complaint. Plaintiff's claim of negligence is asserted in the First Count of the Second Amended Complaint; his claim of nuisance is asserted in the Second Count. On December 17, 1997, the defendant filed an Answer and three Special Defenses. In its First Special Defense the defendant alleges that the plaintiff's injuries were caused by his own negligence. The Second and Third Special Defenses contain allegations of governmental immunity.
The plaintiff has filed a motion, dated March 25, 1998, to strike the defendant's Second and Third Special Defenses. The plaintiff claims that the defendant's Second Special Defense should be stricken because its use of Conn. Gen. Stat. Sec.52-557n(b)(6) addresses governmental immunity within the context,inter alia, of the acts or omissions of a third person. This court finds that since this action does not concern a third party, Conn. Gen. Stat. Sec. 52-557n(b)(6) is inapplicable to and does not bar this litigation.
The plaintiff claims that the Third Special Defense, which also asserts the bar of governmental immunity, has been rejected by the trial court. In this regard, the plaintiff reminds the defendant that the court removed governmental immunity as a special defense in this case when on February 18, 1997, it granted plaintiff's first Motion to Strike.
The plaintiff urges the court to regard the February 18, 1997 ruling as the law of the case. In this regard the plaintiff cites the following quotation:
 New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored. . . .
 Wiggin v. Federal Stock Grain Co., 77 Conn. 507, 516 (1905)
The plaintiff also cites the case of Breen v. Phelps,186 Conn. 86 (1982) as support for his position that the ruling of February 18, 1997 should remain as the law of the case.
Where a matter has previously been ruled upon interlocutorily CT Page 184 the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or Overriding circumstance.
* * *
 A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge.
 Breen, id. at 99
This court finds merit to plaintiff's argument that the defense of governmental immunity not be re-entertained. This defense was removed on February 18, 1997, and this court finds no reason to reverse that decision.
For the foregoing reasons, the plaintiff's Motion to Strike is granted.
Clarance J. Jones Judge